# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:19-cv-00260-MR

| | |
|---|---|
| ROBIN LANDINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   **MEMORANDUM OF** |
| | )   **DECISION AND ORDER** |
| ANDREW SAUL, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 12] and the Defendant's Motion for Summary Judgment. [Doc. 14].

## I.   BACKGROUND

On July 13, 2016, the Plaintiff, Robin Landingham ("Plaintiff"), filed an application for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of June 20, 2015. [Transcript ("T.") at 10].   The Plaintiff's claim was initially denied on September 16, 2016 and upon reconsideration on January 13, 2017.  [Id.]. Upon the Plaintiff's request, a hearing was held on December 21, 2018 before an Administrative Law Judge ("ALJ").  [Id.].  On February 7, 2019, the

ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of June 20, 2015.  [Id. at 21].  The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.  [Id. at 1-6].  The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence."  Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted).  "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof,

which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled.  Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P.  If so, the claimant is automatically deemed disabled regardless of age, education or work experience.  Id.  If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC").  The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions.  Social Security Ruling 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634.  If the claimant can still perform his or her past work, then the claimant is not disabled.  Id.  Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner.  At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative

work which exists in substantial numbers in the national economy. Id.; Hines

v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically

offers this evidence through the testimony of a vocational expert responding

to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§

404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds

in shouldering his burden at step five, the claimant is not disabled and the

application for benefits must be denied. Id. Otherwise, the claimant is

entitled to benefits.

## IV.  THE ALJ'S DECISION

At step one, the ALJ found that the Plaintiff had not engaged in

substantial gainful activity since her alleged onset date, June 20, 2015. [T.

at 12]. At step two, the ALJ found that the Plaintiff has severe impairments

including "history of hypertension, history of stroke, low back pain,

spondylolisthesis, depressive disorder, and anxiety disorder." [Id.]. At step

three, the ALJ determined that the Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the Listings. [Id.

at 13-15]. The ALJ then determined that the Plaintiff, notwithstanding her

impairments, has the RFC:

> [T]o perform medium work as defined in 20 CFR
> 416.967(c) except: she can occasionally climb
> ladders. She must avoid concentrated exposure to
> hazards such as machinery and heights. She is able

to perform simple, routine, repetitive tasks in a stable work environment at a non-production pace. She can be off-task less than 10 percent of an eight-hour workday. Her concentration is greater than two hours in an eight-hour workday.

[Id. at 15].

At step four, the ALJ identified the Plaintiff's past relevant work as a treasurer banker, and investment banker. [Id. at 19]. The ALJ observed, however, that the Plaintiff is "unable to perform past relevant work as actually or generally performed." [Id. at 20]. At step five, based upon the testimony of the VE, the ALJ concluded that, considering the Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of performing other jobs that exist in significant numbers in the national economy, including packer, inspector, and checker. [Id. at 20-21]. The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from June 20, 2015, the alleged onset date, through February 7, 2019, the date of the decision. [Id. at 21].

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff asserts that "the ALJ erred by failing to perform a function by function assessment of Ms.

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

Landingham's ability to stand, walk, sit and lift when forming the RFC." [Doc. 13 at 2].  According to the Plaintiff, the ALJ's failure to perform a function-by-function analysis of her physical capabilities was harmful given the objective evidence in her case file about how her impairments affect her ability to engage in those kinds of physical activities.  [Id. at 3].

Social Security Ruling 96-8p explains how adjudicators should assess a claimant's RFC, instructing that the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations.[2]  SSR 96-8p; see also Mascio, 780 F.3d at 636 (finding that remand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review) (citation omitted).

In this case, the ALJ failed to conduct any function-by-function analysis of Plaintiff's physical health limitations and work-related abilities prior to

---

[2] The functions listed in the regulations include the claimant's (1) physical abilities, "such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching);" (2) mental abilities, "such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting;" and (3) other work-related abilities affected by "impairment(s) of vision, hearing or other senses, and impairment(s) which impose environmental restrictions." 20 C.F.R. § 416.945.

expressing his RFC assessment. [See T. at 16-22]. Instead, the ALJ summarily concluded in the RFC that the Plaintiff "can occasionally climb ladders" and perform medium work but should avoid exposure to machinery and heights. [Id. at 15]. The ALJ failed to discuss the Plaintiff's ability to stand, walk, or carry at all other than to mention during his review of the evidence that:

1) "[S]he has stopped exercising because her body hurts too much." [T. at 16];

2) She "uses a four-pronged cane and she can walk 47 yards with it." [Id.];

3) "She can sit for 15 to 20 minutes continuously." [Id.];

4) "She can stand for five minutes." [Id.];

5) "She can lift a jug of milk with both hands." [Id.];

6) "She has a handicap placard . . . due to her unsteadiness." [Id.];

7) On January 13, 2017, "her physical therapist noted that she was ambulating the hallways independently." [Id. at 17];

8) On November 7, 2018, she "reported she has been trying to walk more and was doing more 'hilly type activities,' which suggests her back pain is not as severe as she has alleged." [Id.].

The ALJ's explanation is lacking in the analysis needed for meaningful review.  The ALJ generally describes some of the record evidence, but it is unclear how that evidence supports his conclusions.  Moreover, the ALJ never explains how he concluded — based on the evidence of record — that the Plaintiff could actually perform the tasks required of medium work.  See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) ("The ALJ concluded that [Plaintiff] could perform "medium work" and summarized evidence that he found credible, useful, and consistent.  But the ALJ never explained how he concluded — based on this evidence — that [Plaintiff] could actually perform the tasks required by "medium work," such as lifting up to 50 pounds at a time, frequently lifting or carrying up to 25 pounds, or standing or walking for six hours.").  That is particularly vexing here, where the ALJ mentioned that the Plaintiff can only walk 47 yards with the use of a cane, can only sit for 15 to 20 minutes continuously, can only stand for five minutes, and can only lift a jug of milk with both hands.  [T. at 16].

A reviewing court cannot be "left to guess about how the ALJ arrived at her conclusions on [a plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended." Mascio, 780 F.3d at 637.  It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe, 826 F.3d at 189 (citation omitted).

"Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports [her] decisions, and the only recourse is to remand the matter for additional investigation and explanations."  Mills, 2017 WL 957542, at *4 (citation omitted).

Here, the ALJ failed to "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  SSR 96-8p.  Therefore, the ALJ failed to build an "accurate and logical bridge" from the evidence of record to the RFC conclusions.  See Monroe, 826 F.3d at 189 (citation omitted).

## VI.   CONCLUSION

Because this Courts lacks an adequate record of the basis for the ALJ's decision, it cannot conduct a meaningful review of that ruling.  See Radford, 734 F.3d at 295.  On remand, the ALJ should conduct a proper function-by-function analysis of the Plaintiff's exertional and non-exertional limitations, narratively discussing all of the relevant evidence, and specifically explaining how he reconciled that evidence to his conclusions.[3]

---

[3] In light of this decision, the Plaintiff's other assignment of error need not be addressed at this time but may be addressed on remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 12] is **GRANTED** and the Defendant's Motion for Judgment for Summary Judgment [Doc. 14] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

Signed: March 2, 2020

Martin Reidinger
United States District Judge